IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JEREMIAH BENNETT,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-100

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jeremiah Bennett, ("Bennett"), who is currently incarcerated at the United States Penitentiary in Coleman, Florida, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For the reasons which follow, I **RECOMMEND** this Court **DISMISS** Bennett's Motion, **GRANT** Bennett *in forma pauperis* status on appeal, and **GRANT** Bennett a Certificate of Appealability.

### BACKGROUND

Bennett pled guilty in this Court to manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) on January 13, 2014. Plea, United States v. Bennett, 2:13-cr-36 (S.D. Ga. Jan. 13, 2014), ECF No. 169. The Honorable Lisa Godbey Wood sentenced Bennett to 168 months' imprisonment, a downward variance from the advisory range of 188 to 235 months. J., United States v. Bennett, 2:13-cr-36 (S.D. Ga. July 23, 2014), ECF No. 188. Bennett filed an appeal, and the Eleventh Circuit Court of Appeals affirmed this Court's judgment and sentence on December 4, 2015. Mandate, United States v. Bennett, 2:13-cr-36 (S.D. Ga. Dec. 4, 2015), ECF No. 226.

On June 23, 2016, Bennett filed this Section 2255 Motion, in which he asserts that his sentence was improperly enhanced pursuant to the residual clause of the United States Sentencing Guidelines, based upon his Georgia convictions for battery, cruelty to children, possession of a firearm during the commission of a crime, and burglary. (Doc. 1, p. 4.) Bennett contends that he should be resentenced in light of the Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015).

## DISCUSSION

**I.    Whether Bennett can Proceed in this Court Pursuant to Section 2255**

Bennett moves under 28 U.S.C. § 2255 for resentencing, pursuant to Johnson v. United States, ___ U.S. ____, 135 S. Ct. 2551 (2015). The crux of Bennett's assertion is that he no longer qualifies for an enhanced sentence under the residual clause of the Sentencing Guidelines in light of the Johnson decision. In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause[1] of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]" ___ U.S. at ___, 135 S. Ct. 2551, 2563. The Armed Career Criminal Act ("ACCA")—the statute addressed by Johnson—provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, *inter alia*, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. at §

---

[1] The Armed Career Criminal Act ("ACCA") "defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*' § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, ___ U.S. at ___, 135 S. Ct. at 2555–56.

924(e)(2)(B). Johnson found that "residual" clause so vague as to violate due process. See 135 S. Ct. at 2557.

The Guidelines career offender enhancement's "crime of violence" definition includes the same vague residual clause that Johnson found unconstitutional. U.S.S.G. § 4B1.2(a)(2). Therefore, if Johnson's animating logic applies to the Guidelines, and Bennett's predicate convictions qualify as "crimes of violence" under § 4B1.1's residual clause, his career offender enhancement is unconstitutional. However, in this Circuit, Johnson does not apply to the Guidelines. As the Court of Appeals for the Eleventh Circuit recently held,

> By its terms, the decision of the Supreme Court in Johnson is limited to criminal statutes that define elements of a crime or fix punishments. . . . The [ACCA] defines a crime and fixes a sentence, see 18 U.S.C. § 924(e), but the advisory guidelines do neither.
> The Sentencing Guidelines are merely "the starting point and the initial benchmark," Gall v. United States, 552 U.S. 38, 49 (2007), designed to "assist . . . the sentencing judge" in determining a sentence, United States v. Tichenor, 683 F.3d 358, 364 (7th Cir. 2012) (quoting United States v. Brierton, 165 F.3d 1133, 1139 (7th Cir. 1999)). In the end, a sentencing judge "must make an individualized assessment based on the facts presented" and "may not presume that the Guidelines range is reasonable." Gall, 552 U.S. at 50. "The sentencing judge's authority to exercise discretion distinguishes the Guidelines from criminal statutes in a significant and undeniable manner." Tichenor, 683 F.3d at 365.
> The vagueness doctrine, which "rest[s] on [a] lack of notice," Maynard v. Cartwright, 486 U.S. 356, 361 (1988), does not apply to advisory guidelines. The Supreme Court has explained that "[a]ny expectation subject to due process protection . . . that a criminal defendant would receive a sentence within the presumptively applicable guideline range did not survive [the] decision in United States v. Booker." Irizarry v. United States, 553 U.S. 708, 713 (2008). Another circuit has already held that "[s]ince the Guidelines are merely advisory, defendants cannot rely on them to communicate the sentence that the district court will impose. Defendants' inability to look to the Guidelines for notice underscores why . . . they cannot bring vagueness challenges against the Guidelines." Tichenor, 683 F.3d at 365 (footnote omitted).
> "Because there is no constitutional right to sentencing guidelines—or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines—the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague." United States v. Wivell, 893 F.2d 156, 160 (8th Cir. 1990).

3

United States v. Matchett, 802 F.3d 1185, 1194–95 (11th Cir. 2015); see also, In re: Marvin Griffin, ___ F.3d ____, 2016 WL 3002293, at * 4 (11th Cir. May 25, 2016) (even mandatory sentencing guidelines cannot be unconstitutionally vague).[2]

For these reasons, I **RECOMMEND** the Court **DISMISS** Bennett's Section 2255 Motion.

## II. Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should **GRANT** Bennett leave to appeal *in forma pauperis* and **GRANT** him a certificate of appealability. Though Bennett has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"); Rule 11 of the Rules Governing Section 2255 proceedings.

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or

---

[2] As the Government notes in their Response brief, "[on] June 27, 2016, the Supreme Court granted certiorari in Beckles v. United States, No. 15-8544, to decide whether Johnson applies to the Guidelines' 'crime of violence' definition and, if so, whether it applies retroactively." (Doc. 3, p. 3.) However, at present, Matchett remains the law of this Circuit which this Court is bound to follow.

4

fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Pursuant to Rule 11 of the Rules Governing Section 2255 proceedings, the Court must issue or deny a certificate of appealability when it enters an order adverse to the application. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Bennett's Motion and applying the standards set forth above, there are issues worthy of an appeal in this case. While the Eleventh Circuit finds that Johnson does not apply to the Sentencing Guidelines, other Courts of Appeal disagree. See, e.g., United States v. Pawlak, 822 F.3d 902, 907–08 (6th Cir. 2016) ("Johnson's rationale applies with equal force to the Guidelines' residual clause" for cases on direct review); ); United States v.

Calabretta, No. 14-3969, 2016 WL 3997215, at *4 (3d. Cir. July 26, 2016) ("We hold that the "residual clause" in § 4B1.2 of the Guidelines is unconstitutionally vague."); In re Arnick, 2016 WL 3383487, at *1 (5th Cir. Jun. 17, 2016) (noting split among circuits as to whether Johnson applies to Guidelines and whether the rule applies retroactively to cases on collateral review.) The split amongst the Circuits as to Johnson's retroactive applicability to the Guidelines has caused the Supreme Court to take up the issue. Beckles v. United States, No. 15-8544, 2016 WL 1029080 (U.S. Jun. 27, 2016) (granting certiorari). Thus, "jurists of reason could disagree with" the dismissal of Bennett's constitutional claims" or they could at least "conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. at 336. Moreover, an appeal in this case would not be clearly baseless or "without arguable merit either in law or fact." Napier, 314 F.3d at 531.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Bennett's Motion, but that the Court **GRANT** Bennett *in forma pauperis* status of appeal, and **GRANT** Bennett a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Bennett.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 15th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA